Filed 1/13/22  P. v. Gary CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICKEY LYNN GARY,<br><br>    Defendant and Appellant. | B310296<br><br>(Los Angeles County<br>Super. Ct. No.<br>YA001887) |


        APPEAL from an order of the Superior Court of Los Angeles County, Nicole C. Bershon, Judge.  Affirmed.

        Mark S. Givens, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez and Charles S. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Rickey Lynn Gary (defendant) appeals the trial court's order denying his petition for resentencing under Penal Code section 1170.95.[1]  Although we rely on different grounds, we agree with the trial court that defendant was ineligible for resentencing.  Accordingly, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I.     Facts[2]

#### A.     *The underlying crimes*

On a Tuesday morning in June 1989, defendant and Richard Henry Ponton (Ponton) robbed an Arco gas station in Redondo Beach, California.  The station manager was shot four to six times, and died from his wounds.  Defendant and Ponton made away with $2,500.

#### B.     *Prosecution, conviction and appeal*

The People charged defendant and Ponton with (1) the murder of the station manager (§ 187), and (2) second degree robbery (§ 211).  As to the murder, the People alleged the special circumstance that defendant and Ponton "were engaged in the commission of the crime of robbery" (§ 190.2, subd. (a)(17)).  As to both crimes, the People further alleged that defendant "personally used a firearm" (former § 12022.5) and that "a principal was armed" during those crimes (§ 12022, subd. (a)).  The personal use of a firearm enhancement was not alleged as to Ponton.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     We draw these facts from our prior, unpublished appellate opinion affirming defendant's convictions.  (*People v. Gary* (Mar. 26, 1993, B055726).)

The matter proceeded to a joint jury trial. As to the murder charge, the jury was instructed it could convict either defendant as (1) the actual killer, (2) an aider and abettor to the murder, acting with the intent to kill, (3) an aider and abettor to a lesser, unspecified crime, if murder was a "natural and probable consequence" of that unspecified crime, (4) a coconspirator to a conspiracy to commit murder, or (5) a coconspirator to a lesser, unspecific crime, if murder was a "natural and probable consequence" of that lesser, unspecified crime. The jury was further instructed that, if the actual killer was guilty of first degree murder, so was any other defendant who acted as an aider and abettor, or coconspirator. The jury was also instructed on the felony-murder special circumstance and firearm allegations. In closing, the prosecutor's theory was that defendant (rather than Ponton) was the shooter.

The jury found defendant (and Ponton) guilty of all charges and found true the felony-murder special circumstance and the firearm allegations as alleged.

As to defendant, the trial court imposed a sentence of life without the possibility of parole plus seven years. Specifically, for the murder, the court imposed a base sentence of life without the possibility of parole and imposed but stayed an additional three years for the firearm enhancements. For the robbery, the court imposed a base sentence of five years plus two additional years for the personal use of a firearm.

Defendant appealed, and we affirmed his convictions and sentence in an unpublished opinion.

## II. Procedural Background

On September 25, 2019, defendant filed a petition seeking resentencing under section 1170.95 for his murder conviction.

After entertaining briefing, appointing counsel for defendant, and soliciting additional briefing from defendant (which counsel submitted in the form of a letter), the court denied the petition without an evidentiary hearing on the grounds, conceded by defendant's attorney, that the facts set forth in our prior opinion constituted "ample evidence" that defendant was "the actual killer" and thus "ineligible for relief" under section 1170.95.

Defendant filed this timely appeal.

## DISCUSSION

Defendant argues that the trial court erred in denying his section 1170.95 petition without an evidentiary hearing. Because our analysis turns on the interpretation of jury instructions and the application of law to undisputed facts, our review is de novo. (*People v. Scully* (2021) 11 Cal.5th 542, 592; *Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1018.)

A person is entitled to relief under section 1170.95 if, as relevant here, (1) "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder[ or] murder under the natural and probable consequences doctrine," (2) he "was convicted of murder," and (3) he "could not presently be convicted of murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).) A person may be convicted of murder, even after the 2019 changes made to sections 188 and 189, if he (1) "was the actual killer," (2) aided or abetted the actual killer with the intent to kill, or (3) "was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e).)

In assessing whether a defendant seeking relief under section 1170.95 has made out a prima facie case warranting an

evidentiary hearing, a trial court must take the petition's factual allegations as true and ask ""whether the petitioner would be entitled to relief if [those] allegations were proved."" (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) "'However, if the record, including the court's own documents [from the record of conviction] "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."" (*Ibid.*)

The trial court did not err in denying defendant's petition without an evidentiary hearing because the record of conviction establishes, as a matter of law, that defendant could still be convicted of murder under the law as amended in January 2019 (and thus cannot establish the third element of his prima facie case). The jury found the felony-murder special circumstance allegation to be true after receiving the following instruction:

> "If you find beyond a reasonable doubt that defendant was either the actual killer, a co-conspirator or an aider and abettor, but you are unable to decide which, then you must also find beyond a reasonable doubt that the defendant intended either to kill a human being or to aid another in the killing of a human being in order to find the special circumstance to be true. On the other hand, if you find beyond a reasonable doubt that defendant was the actual killer, you need not find that the defendant intended to kill a human being in order to find the special circumstance to be true."

The plain text of this instruction required the jury, before finding the special circumstance to be true, to find that defendant was either (1) "the actual killer" or (2) a person who acted with "the

intent to kill a human being," while aiding and abetting or conspiring with the actual killer.  Because persons who are the actual killer or who acted with the intent to kill are still liable for murder after January 2019, the jury's special circumstance finding necessarily renders defendant ineligible for relief under section 1170.95.

Defendant resists this conclusion with several arguments.

First, he asserts that the special circumstance finding does not render him ineligible for relief under section 1170.95.  To begin, he asserts that the above-quoted instruction only required the jury to find that he acted with the intent to kill "if the jury was unable to agree" on whether he was the actual killer, an aider and abettor, or a coconspirator.  This assertion rests on a reading of the instruction that no reasonable jury would make. (*People v. Letner and Tobin* (2010) 50 Cal.4th 99, 182 [even where an instruction is ambiguous, courts ask "whether there is a "'reasonable likelihood that the jury has applied the challenged instruction'"'" in the way defendant asserts].)  Even if we accept that the first sentence of the instruction is ambiguous on this point, the second sentence dispels any ambiguity.  By stating, "if you find beyond a reasonable doubt that defendant was the actual killer, you need not find that the defendant intended to kill a human being in order to find the special circumstance to be true," the instruction makes clear that the jury must find *either* that he was the actual killer *or*, if not the actual killer, that he acted with the intent to kill.

Second, defendant argues it is improper to rely on the special circumstance finding because it was handed down before *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).  However, *Banks* and *Clark*

deal with the validity of special circumstance findings that rest on the theory that the defendant was a major participant in a felony who acted with reckless indifference to human life. Because the special circumstance jury instruction given in this case did not include that theory, *Banks* and *Clark* are irrelevant.

Last, defendant urges that there are additional errors in the trial court's reasoning. Defendant argues that the trial court improperly made a factual finding that he was the "actual killer" based on the recitation of facts set forth in our prior appellate opinion, and that his counsel below was constitutionally ineffective for supporting this finding by conceding that he was the actual killer. Defendant also argues that the jury's finding that he "personally used" a firearm does not necessarily constitute a finding by the jury that he was the one who shot the station manager. Because our job is to review the trial court's ruling, not its rationale (*People v. Zapien* (1993) 4 Cal.4th 929, 976), we need not resolve these arguments because they are unrelated to the rationale on which we affirm.

## DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.

HOFFSTADT


We concur:


_____, P. J.

LUI


_____, J.

CHAVEZ